**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREW FULLMAN, | DOCKET NUMBER |
| Appellant, | PH-844E-14-0864-I-2 |
| v. | |
| OFFICE OF PERSONNEL | DATE: August 22, 2016 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Fullman, Philadelphia, Pennsylvania, pro se.

Delores A. Saunders, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing his application for disability retirement as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed by the U.S. Postal Service from 1987 to 1992, and again from May 3 to May 29, 2003, when he was terminated during his probationary period.  Initial Appeal File (IAF), Tab 6 at 197-203.[2]  On or about March 7, 2011, he filed an application for disability retirement under the Federal Employees' Retirement System (FERS), asserting that he was unable to perform the duties of his position due to musculoskeletal injuries, including central L4-5 disc bulge with annular fissure and mild bilateral foraminal stenosis. *Id*. at 92-97.  By letter dated April 29, 2014, OPM informed the appellant that his application was dismissed as untimely filed. *Id*. at 88-89.  The letter explained that he did not file his application within 1 year of his separation, as required by statute, and that the deadline could not be waived because there was no evidence that he

---

[2] References to the record at "IAF" will be to the initial appeal file (I-1) as opposed to the Refiled Appeal File (RAF).

was mentally incompetent at the time of his termination or became mentally incompetent during the following year. *Id*. at 88-89.

¶3      On May 19, 2014, the appellant requested reconsideration and indicated that he intended to submit additional evidence within 30 days. *Id*. at 7-8. On May 31, 2014, he submitted a copy of the "mental health file," which his attorney had kept in connection with his social security claim. *Id*. at 9-87. In the attached letter,[3] he asserted that he had been diagnosed with anxiety, panic attacks, major depressive disorder, and posttraumatic stress disorder, and had been receiving treatment for these conditions since 2003. *Id*. at 9. In subsequent correspondence, dated June 26, 2014, he also provided sworn statements from his brother and a long-time friend, J.W., both of whom averred that they had assisted the appellant with his personal affairs during the relevant period because he was physically and mentally incompetent. IAF, Tab 14, Exhibit C.

¶4      On July 10, 2014, OPM issued a final decision reaffirming the dismissal of the appellant's application. IAF, Tab 6 at 4-6. In its decision, OPM noted that the appellant had filed applications for other Federal benefits during the 1-year period following his termination and had done so without the aid of a court-appointed guardian or custodian or any other apparent assistance. *Id*. OPM further stated, albeit incorrectly, that the appellant had not submitted additional evidence in support of his claim that he was mentally incompetent during the 1-year period. *Id*. On August 20, 2014, the appellant filed an appeal with the Board. IAF, Tab 1.

¶5      During the proceedings below, the appellant requested and received two 30-day suspensions of case processing to provide him with additional time in which to obtain supporting medical documentation and find a representative. IAF, Tabs 8-11. Subsequently, in a letter dated February 13, 2015, the appellant asked the administrative judge to provide clarification as to what additional

---

[3] The letter is incorrectly dated May 31, 2013.

medical documentation would be needed to support his case. IAF, Tab 16. During a March 5, 2015 conference call, the administrative judge addressed the appellant's February 13, 2015 letter and found that OPM's decisions were sufficient to place the appellant on notice of the issue under appeal, i.e., whether he was mentally incompetent when he was separated from the Postal Service or became incompetent within 1 year after that date, and if so, whether he filed his disability retirement application within 1 year of the date he regained competence. IAF, Tab 20; *see* 5 U.S.C. § 8453. However, the administrative judge again explained the issue under appeal and agreed to provide the appellant "one <u>final</u> opportunity" to obtain additional evidence from his physicians. IAF, Tab 20. The administrative judge explained in detail what information should be included in that evidence. *Id*. The administrative judge agreed to dismiss the appeal without prejudice, to be automatically refiled in 36 days, and the appeal was dismissed and refiled accordingly. *Id*.; *see* IAF, Tab 21; Refiled Appeal File (RAF), Tab 1.

¶6 Following a hearing, the administrative judge issued an initial decision, dated August 19, 2015, affirming OPM's final decision. RAF, Tab 10, Initial Decision (ID). Based on his de novo review of the record, he found that the medical evidence showed that the appellant had suffered from several diagnosed mental conditions over an extended period of time, but that there was no medical evidence showing that he was mentally incompetent during the relevant period from May 29, 2003, to May 28, 2004. *Id*. In addition to the medical evidence, the administrative judge considered the testimony of the appellant, the testimony and sworn statement of J.W., and the sworn statement of the appellant's brother. *Id*. However, he found that their statements were either not credible or not sufficiently detailed to establish that the appellant only had minimal capacity to manage his affairs during the 1-year period following his separation. *Id*.

¶7 Following the issuance of the initial decision, the appellant requested a 20-day extension of the deadline for filing his petition for review, indicating that

he needed additional time to request a subpoena for medical health records. Petition for Review (PFR) File, Tab 1. The Clerk of the Board granted his request. PFR File, Tab 2. On October 13, 2015, the appellant timely filed a petition for review and an amendment thereto and requested an additional 30-day extension in which to submit supporting medical evidence. PFR File, Tabs 5-6. In the October 22, 2015 acknowledgement letter, the Clerk of the Board granted the appellant's request to file a supplement to his petition for review and indicated that the supplemental pleading must be filed on or before November 12, 2015. PFR File, Tab 7. On November 13, 2015, the day after the deadline, the appellant filed a "Supplemental Petition for Review," and on November 17, 2015, he filed a "Request to File Supplemental Petition for Review out of Time." PFR File, Tabs 8-9. On December 4, 2015, the agency filed a timely response to the appellant's petition for review. PFR File, Tab 11.

¶8        Subsequently, on December 7, 2015, the appellant submitted a request for the Board to place his case on hold so that he could obtain a narrative report from his psychiatrist, with whom he had scheduled an appointment on December 16, 2015. PFR File, Tab 12. On December 9, 2015, the appellant filed a motion to submit a pleading after the closing of the record, again citing delays in obtaining the narrative medical report. PFR File, Tab 13. On December 29, 2015, the appellant filed a reply to the agency's response to his petition for review. PFR File, Tab 15. On March 18, 2016, the appellant filed a second motion to submit additional medical evidence after the record closed, which also appears to contain the new evidence that he referenced in his motion. PFR File, Tab 16.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        On review, the appellant first alleges bias and discrimination on the part of the administrative judge. PFR File, Tab 5 at 1. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v.*

*Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We find the appellant's allegations of bias do not meet this standard. He contends that the administrative judge took advantage of his psychological condition by issuing confusing and misleading instructions and that he stated over the telephone that he did not want the case remanded because of the appellant's mental illness. PFR File, Tab 5 at 1. However, we find no indication in the record that the administrative judge gave the appellant confusing or misleading instructions, deliberately or otherwise. Furthermore, the appellant has not shown that the remarks he attributed to the administrative judge were anything other than the administrative judge's honest appraisal of his case. *See Galloway v. Department of Agriculture*, 110 M.S.P.R. 311, ¶ 13 (2008).

¶10      The appellant also asserts that the administrative judge improperly denied his request for subpoenas and then incorrectly stated that he had withdrawn his request. PFR File, Tab 5. However, the appellant stated at the hearing that he had no objection to the summary of the June 30, 2015 prehearing conference, in which the administrative judge stated that the appellant had withdrawn his request for subpoenas and was responsible for ensuring that his witnesses were available to testify. RAF, Tab 8; Hearing CD. The appellant was specifically advised that any objection to the summary must be made prior to the swearing in of the first witness at the hearing or the objection would be deemed waived. RAF, Tab 8. The appellant thus has waived any objection concerning his request for subpoenas.

¶11      The appellant further contends that the administrative judge failed to properly consider and weigh medical evidence establishing that his mental

conditions began in 2001. PFR File, Tab 5 at 1. Specifically, the appellant points to an April 14, 2015 letter from a practitioner at a current place of treatment, which summarizes a Level of Care Assessment completed in the fall of 2011. PFR File, Tab 6, Exhibit A. The original assessment, which was prepared by the same practitioner, is also in the record. IAF, Tab 6 at 64-73. The assessment indicates that the appellant was suffering from psychological symptoms including depression, anxiety, disorganized thought processes, and panic attacks. *Id*. at 72. The assessment further states that these symptoms "were first experienced about 10 years ago," but had fluctuated in intensity over the years, and increased in severity in the preceding 2 months. *Id*. The assessment further notes that the appellant had first sought treatment in 2004. *Id*.

¶12 We find that, contrary to the appellant's assertions, the administrative judge gave due consideration to the evidence in question. In the initial decision, the administrative judge acknowledged that, in the original assessment, the appellant had reported experiencing symptoms as early as 2001. ID at 10. He further found that, even if the appellant did not begin treatment until late 2004, it was more likely than not that the appellant was already experiencing some of the symptoms that caused him to seek treatment during the 1-year following his separation from the Postal Service. *Id*. at 9-10 (citing *Bruce v. Office of Personnel Management*, 119 M.S.P.R. 617, ¶ 12 (2013)).

¶13 However, we find that the administrative judge correctly found that the record contains no medical evidence to establish that the appellant's psychological symptoms, which admittedly waxed and waned over the years, rendered him mentally incompetent during the 1-year period following his separation from the Postal Service. The appellant has provided evidence on review showing that he was prescribed Xanax on March 20, 2004, before the end of that 1-year period. PFR File, Tab 5, Exhibit E. However, the fact that the appellant was prescribed Xanax does not establish that he was mentally incompetent, and we note that he has taken Xanax in the course of these

proceedings. IAF, Tab 14, Response to Interrogatory #5. We also are not persuaded by his contention that we should find the medical evidence sufficient to establish his mental incompetence during the filing period because an OPM specialist allegedly called him to ask whether he was receiving social security disability benefits. PFR File, Tab 5 at 1.

¶14 The appellant also objects that OPM failed to consider the notarized statements by his brother and J.W., which he had submitted to OPM prior to the issuance of its reconsideration decision. He argues that the administrative judge should have therefore granted his request to subpoena the OPM specialist to whom he mailed the statements. PFR File, Tab 5 at 1-2. However, as discussed above, the appellant has waived any objections concerning his withdrawn subpoena requests. In any event, it is irrelevant whether OPM considered those documents, because the administrative judge did consider them, and the Board's review of an OPM decision is de novo. *See Licausi v. Office of Personnel Management*, 350 F.3d 1359, 1363-65 (Fed. Cir. 2003).

¶15 The appellant further asserts that his former employer did not inform him of his right to file a disability retirement claim until December 15, 2010. PFR File, Tab 5 at 2. Where an employee is removed based on reasons apparently caused by a medical condition, FERS regulations require that the employing agency inform the employee of his possible eligibility for disability retirement and the time limit for filing an application. 5 C.F.R. § 844.202(b)(1). However, the record reflects that the appellant was terminated for failing to disclose on his application that he previously had been removed for alleged misconduct. IAF, Tab 6 at 92. Moreover, even if the agency were required by 5 C.F.R. § 844.202(b)(1) to inform the appellant of his potential disability retirement option, its failure to do so would not provide a basis to waive the statutory 1-year filing deadline under 5 U.S.C. § 8453. *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 14 (2009).

¶16        The appellant also argues that that administrative judge failed to consider evidence that a Federal lawsuit he had filed during the 1-year period following his termination was "put on hold in the suspense file for years due to [his] psychological issues and serious side effects from his psychotropic medications." PFR File, Tab 5 at 2.  In support of his claim, the appellant supplies a copy of an order from the U.S. District Court for the Eastern District of Pennsylvania, indicating that the court was placing his civil action against the Postal Service in the Civil Suspense file because he was undergoing medical treatment.  *Id*., Exhibit B.  However, the court order is dated August 24, 2005, well over a year after the 1-year period expired, and it does not specify the nature of the appellant's medical treatment.  *Id.*  Hence, to the extent the administrative judge may have failed to consider that evidence, we find that the omission was of no consequence.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶17        Finally, we find no merit to the appellant's suggestion that the administrative judge improperly closed the record while he was still awaiting additional medical evidence.  The decisions by OPM were sufficient to place the appellant on notice of the issue on appeal, and the administrative judge provided the appellant multiple extensions of time in which to acquire supporting medical evidence, including two 30-day suspensions and a dismissal without prejudice to refiling, which delayed processing of the case by an additional 36 days.  IAF, Tabs 8-11, 20-21.  To the extent the appellant may have been in doubt as to the precise kind of medical evidence needed to support his claim, the administrative judge explained in clear detail what information was required in his written summary of the March 5, 2015 conference call.  IAF, Tab 20.  The administrative judge clearly informed the appellant that this would be his final opportunity to provide supporting medical evidence, *id*., and the written record remained open until June 25, 2015, RAF, Tab 5.  While we acknowledge that obtaining decade-old medical documentation may be time-consuming, we nonetheless find

that the appellant was provided ample opportunity to obtain additional supporting evidence before the record closed.

¶18      Regarding the appellant's additional filings, we note that he filed his supplement to his petition for review 1 day after the extended deadline of November 12, 2015, which was clearly set forth in the acknowledgment letter. PFR File, Tabs 7, 9.    Additionally, he timely filed his reply to the agency's response to the petition for review on December 29, 2015, based on the agency's service of its response on him on December 16, 2015.  PFR File, Tab 15; *see* 5 C.F.R. § 1201.23 ("Unless a different deadline is specified by the Board or its designee, 5 days are added to a party's deadline for responding to a document served on the party by mail.").  Despite the untimeliness of the appellant's supplement to his petition for review, we have nonetheless examined it, as well as his reply to the agency's response, and we find that neither pleading meets the criteria for review under 5 C.F.R. § 1201.115.

¶19      As to the appellant's requests for leave to file additional pleadings, the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response.  5 C.F.R. § 1201.114(a)(5).  For the Board to consider a pleading other than those set forth above, the party must describe the nature and need for the pleading.  *Id*.  In support of his initial request to file an additional pleading, the appellant asserts that he is still awaiting medical information from his psychiatrist.  PFR File, Tab 12.  However, as discussed above, the appellant was provided ample opportunity to obtain medical evidence before the close of the record below, and he has since been granted two filing extensions on review.  We therefore deny his request to file an additional pleading on this basis.  For the same reasons, we also deny the appellant's request to put the case on hold.  With his subsequent request to file an additional pleading, the appellant included with his motion "Progress Notes" from his medical provider dated January 9, 2009, that include prescription medications.

PFR File, Tab 16. Even assuming that this medical documentation previously was not available despite the appellant's due diligence, it is not material as it does not provide evidence of his mental state during the requisite 1-year period following his separation from the Postal Service.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.